# Rowe *v.* Western Maryland Railroad Company, Appellant.

*Negligence—Railroads—Grade crossing—"Stop, look and listen"—
Death.*

1. The rule that one who goes on a railroad track immediately in
front of a moving train which he saw or must have seen if he had looked,
will be conclusively presumed to have been negligent is from its nature
applicable only to clear cases, where neither the facts nor the inferences
to be drawn from them are in doubt.

2. In an action against a railroad company to recover damages
for death of plaintiff's husband who was killed in a collision at a
grade crossing, between freight cars running wild and the wagon in
which he was riding, the case is for the jury where the evidence shows
that the accident happened before sunrise on a damp and cloudy
morning when it was so dark that objects could not be readily distin-
guished, and that the cars made only a low rumbling sound.

3. Where cars are owned or under the exclusive care of a railroad company run with no one in charge of them over a public crossing at high speed, and an accident results at the crossing, the burden is on the company to show the exercise of due care. Whether such care was observed is a question for the jury.

Argued March 8, 1909. Appeal, No. 90, Jan. T., 1908, by defendant, from judgment of C. P. Franklin Co., Feb. T., 1907, No. 88, on verdict for plaintiff in case of Elizabeth Rowe v. Western Maryland Railroad Company. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before GILLAN, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $8,838.75. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. R. Ruthrauff* and *O. C. Bowers*, with them *W. O. Nicklas*, for appellant.

*Charles D. Wagaman*, with him *Frank G. Wagaman*, *Abraham C. Strite* and *J. A. Strite*, for appellee.

PER CURIAM, April 12, 1909:

The plaintiff's husband was killed on the second track at a crossing of the defendant's road, in a collision between freight cars running wild at a very high speed and the wagon in which he was riding. No witness at the trial saw the accident. The appellant's first contention is that the presumption that the deceased exercised the care that the law requires before attempting to cross is overcome by the fact that at the edge of the tracks there was an unobstructed view for some 2,000 feet in the direction of the cars. The accident happened before sunrise on a damp, cloudy morning, when it was so dark that objects could not be readily distinguished, and there was testi-

mony that the cars made only a low rumbling sound. The rule that one who goes on a railroad track immediately in front of a moving train which he saw or must have seen if he had looked, will be conclusively presumed to have been negligent is from its nature applicable only to clear cases, where neither the facts nor the inferences to be drawn from them are in doubt. It could not be applied to this case.

The second contention is that there was no evidence that the accident was caused by any negligent act or the omission of any duty by the appellant's employees. It was not necessary to the plaintiff's case that there should be proof of a specific act of negligence by which the cars were allowed to pass from the siding on which they had been placed to the main track. It was shown that cars owned by the appellant or under its exclusive care ran, with no one in charge of them, over a public crossing at a high speed. The circumstances connected with the accident amounted to evidence from which negligence in the management of the cars might be inferred by the jury, and placed on the appellant the burden of showing the exercise of due care. Whether that was done was for the jury.

The judgment is affirmed.